MEMORANDUM *
Substantial evidence supports the Immigration Judge’s determination that Celmeta[1] failed to carry his burden of proving his eligibility for asylum. The record does not compel a finding that the abuse Celmeta suffered in 1998 constituted persecution. See Hoxha v. Ashcroft, 319 F.3d 1179, 1182 (9th Cir.2003). Nor does the record compel a finding that the beating and threats Celmeta experienced in 2002 were on account of political opinion. Although “official retaliation against those who expose and prosecute governmental corruption may, in appropriate circumstances, amount to persecution on account of political opinion,” Grava v. INS, 205 F.3d 1177, 1181 (9th Cir.2000), the record does not compel a finding that Cehneta’s actions were aimed at governmental corruption rather than ordinary criminal activity, or that Celmeta was engaged in whistleblowing directed at political institutions. Cf. Fedunyak v. Gonzales, 477 F.3d 1126, 1130 (9th Cir.2007). Because Celme-ta did not demonstrate he would suffer persecution on account of a protected ground, he does not meet the more stringent standard for withholding of removal. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995). Substantial evidence also .supports the BIA’s determination that Celme-ta is not entitled to CAT relief because Celmeta did not present evidence that he would be tortured by, or with the acquiescence of, public officials or governmental sources if returned to Albania. See Ka-malthas v. INS, 251 F.3d 1279, 1282-83 (9th Cir.2001).
Finally, Celmeta failed to raise to the BIA his claim that the revisions made by the Immigration Judge to the transcript of the oral decision constituted a violation of due process. Therefore, Celmeta did not exhaust this issue and we lack jurisdiction to consider it. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004); Sanchez-Cruz v. INS, 255 F.3d 775, 780 (9th Cir.2001).
The BIA did not abuse its discretion when it denied Cehneta’s first motion to reopen as untimely. Celmeta was not entitled to equitable tolling of the 90-day filing deadline because he did not demonstrate he was prevented from timely filing his motion to reopen “because of deception, fraud, or error.” Iturribania v. INS, 321 F.3d 889, 897 (9th Cir.2003).
Nor did the BIA abuse its discretion when it denied Celmeta’s motion to reopen based on changed country conditions. The new evidence Celmeta presented in his motion did not establish changed country conditions in Albania; nor did the alleged threats support his claim that he would be persecuted on account of one of the five protected grounds. See Toufighi v. Muka-sey, 538 F.3d 988, 997 (9th Cir.2008).
*877 All other outstanding motions are denied as moot.
PETITION FOR REVIEW DENIED.

This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Besmira Celmeta, Shkelqim's daughter, petitions for asylum as a derivative asylee. See 8 U.S.C. § 1158(b)(3). Therefore, we consider only Shkelqim's petition for asylum and motions to reopen. Any motions filed on behalf of Besmira alone have no effect and are not before us.